# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
RANDOLPH CARRION,

                             Plaintiff,

            vs.

COSTCO WHOLESALE CORPORATION,

                          Defendant.
-----------------------------------------------------------------X

Index No.: 713670/2021
Date Purchased: 6/16/2021
**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
91-35 79th Street
Woodhaven, NY 11421
County of Queens

**To the above named Defendant:**

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.   In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
          June 15, 2021

                                      ROSENBERG, MINC, FALKOFF WOLFF, LLP.
                                      Attorneys for Plaintiff
                                      122 East 42nd Street
                                      New York, New York 10168
                                      (212) 697-9280
                                      Our File No. 32076

TO:
COSTCO WHOLESALE CORPORATION
c/o C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
RANDOLPH CARRION,

                      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

                      Defendant.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 713670/2021

Plaintiff, RANDOLPH CARRION, by his attorneys, ROSENBERG, MINC, FALKOFF & WOLFF, LLP., as and for his Verified Complaint, as against the defendant COSTCO WHOLESALE CORPORATION, respectfully alleges, as follows:

**FIRST**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO WHOLESALE CORPORATION (hereinafter referred to as ("COSTCO"), was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**SECOND**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, was and is a foreign corporation duly licensed to conduct business in the State of New York.

**THIRD**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, was and is a foreign corporation doing business in the State of New York.

**FOURTH**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, owned the building, lands and premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**FIFTH**: Upon information and belief, that at all times hereinafter mentioned, and at some time prior to January 15, 2021, the defendant, COSTCO, entered into a lease agreement with the owner of the building, land and premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**SIXTH**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, by its agents, servants and/or employees, operated the aforementioned premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**SEVENTH**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, by its agents, servants and/or employees, maintained the aforementioned premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**EIGHTH**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, by its agents, servants and/or employees, cleaned the aforementioned premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**NINTH**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, by its agents, servants and/or employees, repaired the aforementioned premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**TENTH**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, by its agents, servants and/or employees, inspected the aforementioned premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**ELEVENTH**: Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, by its agents, servants and/or employees, controlled the aforementioned premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**TWELFTH**:   Upon information and belief, that at all times hereinafter mentioned, and at some time prior to January 15, 2021, the defendant, COSTCO, entered into an agreement with Imperial Commercial Cleaning, Inc., for purposes of providing and performing after-hours commercial cleaning services at the premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**THIRTEENTH**:   Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO, had a duty and obligation imposed by law to properly maintain, control and make safe the premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**FOURTEENTH**:   That on the 15th day of January, 2021, at approximately 9:30 p.m., employees of Imperial Commercial Cleaning, Inc., including the plaintiff RANDOLPH CARRION were present at the premises located at 21 Goldsborough Dr, Bayonne, New Jersey, for purposes of providing and performing after-hours commercial cleaning services in the bakery area of the Costco.

**FIFTEENTH**:   That on the 15th day of January, 2021, at approximately 9:30 p.m., while employees of Imperial Commercial Cleaning, Inc., including the plaintiff RANDOLPH CARRION were present at the premises located at 21 Goldsborough Dr, Bayonne, New Jersey, for purposes of providing and performing after-hours commercial cleaning services on the ceiling of the bakery area of the Costco, an employee of the defendant COSTCO was performing mopping and cleaning services on the floor of the bakery area.

**SIXTEENTH**:   That on the 15th day of January, 2021, at approximately 9:30 p.m., while employees of Imperial Commercial Cleaning, Inc., including the plaintiff

RANDOLPH CARRION were present at the premises located at 21 Goldsborough Dr, Bayonne, New Jersey, for purposes of providing and performing after-hours commercial cleaning services on the ceiling of the bakery area of the Costco, the employee of the defendant COSTCO who was performing mopping and cleaning services on the floor of the bakery area removed a drain cover from a drain located in the floor.

**SEVENTEENTH**: That on the 15th day of January, 2021, at approximately 9:30 p.m., the plaintiff RANDOLPH CARRION, as part of his job duties and responsibilities, was taking pictures of the after-hours commercial cleaning services of the ceiling in the bakery area of the Costco at the premises located at 21 Goldsborough Dr, Bayonne, New Jersey.

**EIGHTEENTH**: That on the 15th day of January, 2021, at approximately 9:30 p.m., while the plaintiff RANDOLPH CARRION, was taking pictures of the ceiling in the bakery area of the Costco at the premises located at 21 Goldsborough Dr, Bayonne, New Jersey, he was caused to fall and precipitated downward when he stepped into the uncovered drain.

**NINETEENTH**: That the aforesaid occurrence was due to the negligence, carelessness and recklessness of the defendant COSTCO, its agents, servants and/or employees without any act of negligence on the part the plaintiff, RANDOLPH CARRION, contributing thereto.

**TWENTIETH**: That the aforesaid occurrence was caused solely and wholly through and by reason of the negligence, carelessness and recklessness of the defendant COSTCO, its agents, servants and/or employees, in their ownership, operation, maintenance, inspection, repair, cleaning and control of the premises; in

causing, allowing and/or permitting the aforementioned area to be in an unsafe, hazardous, defective and dangerous condition; in causing, allowing and/or permitting the aforementioned area to be in an unsafe condition; in failing to properly secure and/or keep safe the floor of the bakery area; in failing to properly maintain said area; in causing, allowing and/or permitting the said area to be in a dangerous, hazardous and unsafe condition by allowing and permitting a drain cover to be removed and left unguarded; in failing to make the area safe for people in general and this plaintiff in particular to traverse same; in causing and creating the aforesaid dangerous and defective condition; in performing cleaning work in an area where others were performing their lawful duties for which they were so employed; in failing to wait to clean the floor until said area was vacated by the outside cleaning crew; in failing to notify the plaintiff and the staff he was supervising that cleaning services were going to be performed on the floor; in that said defendant could have or should have timely known of the defective, dangerous and hazardous condition so as to prevent said occurrence; in uncovering the floor drains in the bakery without warning to the outside workers that said drains were being opened; in uncovering the floor drains in the bakery without placing warning signs, barricades, cones or other protective devices to protect the open drain area; in allowing the condition to exist for a long enough period of time that with the exercise of reasonable care said condition would have been discovered and remedied; in allowing, permitting and maintaining a dangerous and hazardous condition to exist in the aforesaid floor; in maintaining a trap; in maintaining a nuisance; in maintaining a toe hold; in failing to inspect; in failing to correct the aforesaid dangerous and hazardous condition although said dangerous and hazardous condition existed for

so long a period of time that the defendants knew or should have known of its existence of said condition; in creating the aforesaid dangerous and hazardous condition by removing the drain cover; in failing to give this plaintiff a safe place to walk; in that plaintiff relies on the doctrine of *res ipsa loquitur*; in violation of Costco rules and regulations regarding cleaning and maintaining its premises; in failing to appreciate, apprehend and comprehend the dangers to pedestrians attendant to leaving the drain open and uncovered; and all of the aforementioned were among the direct and proximate cause of the occurrence herein; and the defendant COSTCO was otherwise negligent herein.

**TWENTY-FIRST**:   That because of the above stated accident, plaintiff, RANDOLPH CARRION, was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

**TWENTY-SECOND:**   That this action falls within one or more of the exemptions set forth in CPLR §1602.

**TWENTY-THIRD:**   That by reason of the aforesaid, this plaintiff has sustained damages which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, RANDOLPH CARRION, demands judgment against the defendant, COSTCO, herein in a sum which exceeds the jurisdictional limits of all lower

courts that would otherwise have jurisdiction; together with the interest, costs and disbursements of this action.

DATED: New York, New York
June 15, 2021

ROSENBERG MINC FALKOFF & WOLFF LLP
BY: _____
Steven C. Falkoff
Attorneys for Plaintiff
122 East 42nd Street, Suite 3800
New York, New York 10168
(212)697-9280

## ATTORNEY VERIFICATION

Steven Falkoff, an attorney-at-law, duly admitted to practice law before the Courts in the State of New York, and a member of the law firm of ROSENBERG MINC FALKOFF & WOLFF LLP, attorneys for the plaintiff herein, makes the following affirmation pursuant to CPLR 2106:

That I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge except as to those matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

That the reason this verification is not made by plaintiff is because plaintiff is not within the County of New York, where your affirmant maintains his office.

That the source of your affirmant's knowledge is based upon investigations, reports and communications had with plaintiffs.

Dated: New York, New York
June 15, 2021

_____
STEVEN FALKOFF

## UNIFORM COURT RULE 130-1.1-a CERTIFICATION

STATE OF NEW YORK  )
                   ) : ss:
COUNTY OF NEW YORK )

    I, the undersigned, an attorney-at-law duly admitted to practice in the Courts of New York State, state that I am a Member of the firm of ROSENBERG, MINC, FALKOFF & WOLFF, LLP, the attorneys for Plaintiffs in the within action; that I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT**, and the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

Dated: New York, New York
       June 15, 2021

                                              STEVEN C. FALKOFF

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

=======================================================

RANDOLPH CARRION

                        Plaintiffs,

    -Against-

COSTCO WHOLESALE CORPORATION
                 Defendants.

=======================================================

## SUMMONS & VERIFIED COMPLAINT

=======================================================

**ROSENBERG MINC FALKOFF & WOLFF, LLP**
Attorneys for Plaintiff(s)
122 EAST 42ND STREET, SUITE 3800
NEW YORK, NEW YORK 10168
(212) 697-9280
(212) 697-9284

=======================================================

Sir:-Please take notice

☐ **NOTICE OF ENTRY**
That the within is a (certified) true copy of an
duly entered in the office of the Clerk of the within named court on     , 2021 .

☐ **NOTICE OF SETTLEMENT**
that an order      of which the within is a true copy will be presented for
settlement to the HON.      one of the judges of the within named Court,
at      on      , 2021, at      .M.

Dated:

                                      Yours, etc.,
                                      ROSENBERG MINC FALKOFF & WOLFF, LLP
                                      Attorneys for Plaintiff(s)
                                      122 East 42nd Street
                                      New York, NY 10168-0068

TO:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

RANDOLPH CARRION

INDEX NUMBER: 713670/2021

*Plaintiff*

vs

COSTCO WHOLESALE CORPORATION,

*Defendant*

## AFFIDAVIT OF SERVICE

State of New York }
County of New York } ss.:

The undersigned, being duly sworn, deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in New York, New York

That on **7/12/2021** at **1:50 PM** at **28 Liberty Street, 42nd fl., New York, NY 10005**

deponent served **Notice of Electronic Filing, Summons and Verified Complaint**

on **Costco Wholesale Corporation**, a domestic company, c/o CT Corporation System, Registered Agent,

by delivering thereat a true copy of each to **Randal Umpierre (authorized to accept service)** personally.

Description of Person Served:
Gender : Male
Skin : Brown
Hair : Black/Brown
Age : 36 - 50 Yrs.
Height : Over 6'
Weight : Over 200 Lbs.
Other : Glasses

Sworn to before me this
14th day of July, 2021

NOTARY PUBLIC
JOHN DICANIO
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC. # 01DI4977768
COMM EXP. 2/11/2023

Juan Pimentel
License No. 2066974

Serving By Irving, Inc. | 233 Broadway, Suite 2201 | New York, NY 10279
New York City Dept. of Consumer Affairs License No. 0761160